IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

FIELDING VAUGHN KIMERY                                                                PLAINTIFF
ADC #133741

v.                                            4:20-cv-00473-SWW-JJV

DEXTER PAYNE; *et al.*                                                               DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

**I.     INTRODUCTION**

Fielding Vaughn Kimery ("Plaintiff"), an inmate currently at the Varner Supermax Unit of the Arkansas Division of Correction ("ADC"), filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. Nos. 2, 7.) Plaintiff sued seventeen ADC officials in their personal and official capacities alleging violations of his federally protected rights, including claims of retaliation.

(Doc. No. 7.) Plaintiff's claims against all but three Defendants have been dismissed, as have Plaintiff's official capacity damages claims. (Doc. Nos. 14, 23, 60, 82.) Plaintiff's retaliation claims against Defendants Perkins, Higgins, and Ryas (collectively "Defendants") remain pending.

Defendants now have filed a Motion for Summary Judgment, contending Plaintiff failed to exhaust his administrative remedies against them. (Doc. Nos. 112-114.) Plaintiff has responded (Doc. Nos. 121, 123) and this matter is ripe for a decision. After careful review, and for the following reasons, I find Defendants' Motion for Summary Judgment should be granted and Plaintiff's claims dismissed, without prejudice, for failure to exhaust administrative remedies.

## II.     SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A).

When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or

fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

**III.  ANALYSIS**

The Prison Litigation Reform Act ("PLRA") requires an inmate to exhaust available prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) (per curiam). Exhaustion under the PLRA is mandatory. *Bock*, 549 U.S. at 211. "[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' rules that are defined not by the PLRA, but by the prison grievance process itself." *Id.* at 218 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Compliance with a prison's grievance procedures is, therefore, all that is required by the PLRA to properly exhaust. *Id.* Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See id.*

Three grievance policies of the Arkansas Department of Correction were in effect at the time of the alleged violations: Administrative Directive 14-16, Administrative Directive 19-20, and Administrative Directive 19-34. (Doc. No. 112-1 at 1-2, ¶ 4.) Plaintiff's allegations are governed by those Directives. (*Id.*) Pursuant to these Directives, an inmate is required to attempt informal resolution of a problem or complaint prior to filing a formal grievance. (*Id.* at 3, ¶ 12.) This is accomplished by completing and submitting the Unit Level Grievance Form within fifteen

3

days after the occurrence of the incident. (*Id*.) The form must include a statement that is specific as to the substance of the issue or complaint, including the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate submitting the form. (*Id*. at 2, ¶ 9.) Following an attempt at informal resolution, an inmate may proceed by filing a formal grievance on the same Unit Level Grievance Form. (*Id*. at 4, ¶ 15.) The warden or his designee must provide a written response within twenty working days of receipt. (Doc. No. 112-1 at 4, ¶ 18.) If dissatisfied with the response, the inmate may appeal within five working days to the appropriate Chief Deputy/Deputy/Assistant Director. (*Id*. at ¶ 19.) A decision on an appeal is the end of the grievance process. (*Id*. at 6, ¶ 28.) The Directives warn that grievances must specifically name each individual involved for a proper investigation and response to be completed by the ADC. (*Id*. at 2, ¶ 6.) The Directives further warm that inmates must fully exhaust the grievance before filing a lawsuit. (*Id*. at 6, ¶ 27.)

Defendants contend Plaintiff did not exhaust his claims against them. (Doc. No. 112.) In support of their Motion, Defendants submitted the Declaration of Terri Grigsby Brown, the ADC's Inmate Grievance Supervisor. (Doc. No. 112-1.) According to Ms. Grigsby Brown, Plaintiff filed eight grievances that named or referenced Defendants. (*Id*. at 6, ¶ 30.) Those grievances are VSM20-00637; VSM19-03299; VSM20-00461; VSM20-00141; VMS20-00266; VSM20-00778; VSM20-01051; and VSM20-00196. (*Id*.)

    A.    **Grievances Not Exhausted Before Plaintiff Filed Suit**

Plaintiff filed this lawsuit on May 4, 2020. (Doc. No. 2.) He failed to exhaust three grievances before he filed. The final decision in each of VSM20-00637, VSM20-00778 and VSM20-01051 was entered after Plaintiff filed suit. The final decision on Grievance VSM20-00637 was rendered on May 4, 2020, while the final decision on Grievances VSM20-00778 and

VSM20-01051 were dated May 29, 2020 and June 29, 2020, respectively.  (Doc. No. 112-5 at 6; Doc. No. 112-10 at 6; Doc. No. 112-11 at 6.)   For Plaintiff to have fully exhausted his administrative remedies in connection with these grievances, he would have had to receive a final decision before he filed suit.  Because Plaintiff did not received a final decision by May 4, 2020, he did not exhaust Grievances VSM20-00637, VSM20-00778, and VSM20-01051.

B.     **Grievances Not Related To Plaintiff's Claims In This Case**

Some grievances Plaintiff filed do not relate to his claims in this case.  As such, even though the grievances were exhausted, the grievances did not exhaust any claim pending in this case.

1.     **Grievance VSM19-03299**

In Grievance VSM19-03299 Plaintiff wrote:

> Mental health medical security staff all departments, department heads administration ADC Faust Giggleman Rector Kilpatrick Compton Bland  Estella Scott Taylor Cornelius Christopher Brandon Higgins Brain Perkins Sgt Jones Wardens Gibson & Shipman Ryas Rodella.  Forgive me for all the scratch above this was a records request but due to no grievance pass out at all for two weeks had to modify this one for following issue.  I have a 1983 case ready to file have waited for two weeks for 1983 account return biz office.  This day I give it to Kennedy K. Kennedy if she will to file on all above named plus Marshal Dale Reed and Smith to make three copys and make ready file to send off us postal service.

(Doc. No. 112-6 at 3.)

Plaintiff maintains VSM19-03299 alleges "blocking of access."  (Doc. No. 121 at 1.)  But Plaintiff's only remaining claims are claims of retaliation.  Grievance VSM19-03299 does not deal with retaliation.  Accordingly, Plaintiff failed to exhaust any pending claims through Grievance VSM19-03299.

2.     **Grievance VSM20-00461**

Plaintiff grieved as follows in Grievance VSM20-00461:

> I have not received any mail from U.S. District Court Clerks Officer at 100 E. 8th Ave RM 3103 Pine Bluff AR 71601 no response none to more than five letters.

> Two civil cases against security Brandon Carroll Scott Taylor James Plummer Perkin Higgins Ryas Lorennetta Smith Jones, Cornelius Christopher Warden Jimmy Gibson Deputy Warden Shipman no outside mail/ADC received no mail reaching courts and or incoming mail is being intercepted by security blocking all outside legal mail shut in shout out have entrusted these cases to security . . . Lloyd Brown. Treadwell . . . mail intercepted not sent out blocking lawsuits access to court denied, shut in shut out VSM Jimmy Gibson I shall not be retaliated against for filing this grievance shut in shut out.

(Doc. No. 112-7 at 3.)

The Warden's Response to Grievance VSM20-00461 advised Plaintiff that he "addressed multiple issue and per AD 19-34 only one issue will be addressed. It's out of ADC hands when legal mail arrives at the units, but when it arrive it's passed out with the rest of the mail." (*Id*. at 4.) Plaintiff appealed as follows:

> Suffering from depression. Can't reach courts to get help. I have not grieved multiple issues the issue as has been for over two years is mail tampering mail MAIL LEGAL outgoing mail. MY Mail! I sent out case in 2019 December 18 – no word – letters, no word months no word – I have grieved the same issue and security still acting this is retaliation. All I have grieved is true and correct if any dispute my claims Please! Place me on the computer voice stress test I have liked about nothing!

(*Id*. at 4.) The Director's Decision pointed out that, contrary to AD 19-34, Plaintiff did not provide any specific dates or times for the ADC to have been able to investigate Plaintiff's allegations. (*Id*. at 6.)

In Grievance VSM20-00461 Plaintiff clearly provided that he had a lawsuit pending against Defendants. But Plaintiff made no allegations against Defendants in this grievance. Further, Plaintiff made no allegations that were specific enough to allow the ADC to investigate Plaintiff's claims—as noted in the Director's Decision. Under these circumstances, Plaintiff failed to exhaust any pending claim through this grievance.

### 3. VSM20-00141

In Grievance VSM20-00141, Plaintiff complained that

> On the seventh day of January day of January 2020 I was taken from cell 106 to cell 21 Isolation four by Captain James Plummer and Miss Lieutenant Lloyd and Brain Perkins after arriving at cell 21 I was placed behind bars door to hallway left open J Treadwell started going through property in hallway I asked repeatedly for my legal work and was refused by all above them saying we have to go through it I kept requesting all to bring my property where I could see them go through it and was refused J Treadwell kept stepping out of my line of sight with legal work as did Brain Perkins I told all that legal work a case and you know you can't do that all done under the supervising staff Lieutenant's Lloyd Brown and Captain James Plummer after days of trying to sort and place back in order my legal work I have found missing from my legal work Declarations of Service and originals many large brown legal envelopes full of legal documents preserve and protect all video ISO 4 January 7 2020.

(Doc. No. 112-8 at 3.)

Grievance VSM20-00141 does not name Defendants Higgins or Ryas. Further, this grievance fell short of claiming retaliation against Defendant Perkins. This grievance failed to exhaust any pending claim in this case.

### 4. VSM20-00196

Plaintiff alleged the following in Grievance VSM20-00196:

> On January 19 2020 before breakfast sergent Ryas came to my cell before Sunday Breakfast and brought my legal case against him and other security to my cell ISO 4 Cell 21 postage sticker never scaned ready for mailing yet never sent out he opened it and someone had placed a return to send sticker on it as if it had been mailed yet it had not. So ready to mail case from 12.19.19 addressed to US District Court Clerks Office 100E 8th Ave RM 3103 Pine Bluff AR 71601 Already signed by Sergents Garcia and Sergents Minor 12 19 19 most still there it had been sifted through and both preliminary injunctions are moved one being to secure mail case and point legal mail not getting out this as you all know is a violation of First 5th and 14th Amendments and a federal crime need notary to send out case security has been holding for one month.

(Doc. No. 112-12 at 3.)

In this grievance, Plaintiff does not name or otherwise sufficiently identify Defendants Higgins or Perkins. Plaintiff asserts he exhausted his claims against Ryas in Grievance VSM20-00196. (Doc. No. 121.) But Plaintiff does not complain that Defendant Ryas was retaliating against him. Accordingly, Plaintiff failed to exhaust his pending retaliation claims against Ryas through Grievance VSM20-00196.

In sum, Grievances VSM19-03299; VSM20-00461; VSM20-00141 and VSM20-00196 do not exhaust Plaintiff's administrative remedies as to any pending claim in this case.

C. **Grievance Not Exhausted**

Plaintiff filed Grievance VSM20-00266 on January 27, 2020, but he did not exhaust the grievance. (Doc. No. 112-9.) Plaintiff appealed the warden's decision, but when he filed his appeal he failed to date, sign, and write his ADC number on Attachment III. (*Id*. at 6.) The appeal was rejected based on Plaintiff's omissions. Because Plaintiff's appeal was rejected, Plaintiff failed to exhaust his claims through Grievance VSM20-00266.

D. **Other Grievances Identified By Plaintiff**

Plaintiff asserts he exhausted his claims in yet other grievances not addressed by Defendants in their Motion. (Doc. Nos. 121, 123.) He identified those grievances in his Responses to Defendants' Motion for Summary Judgment. (*Id*.)

1. **Grievance VSM19-03236**

In Grievance VSM19-03236, Plaintiff wrote:

Ron FauPel Giggleman, Rodella Estella Bland, Kayla Hargrave Amy Jones Michael Wood Brandon Carroll Scott Taylor, Perkins, Higgins security medical mental health classification all working as one Entente in a campaign of harassment retaliation isolation in a calculated cover up to conceal there Eight Amendment violations state tort laws and American with disabilities Act. Cornelius Christopher, Gregg Smith ignoring a obvious and serious danger in deliberate indifference and in some instances utilizing VSM 18 91596. James Plummer incident report number 2019 12 005 Major disc – All above gossiping rumor

> spreading. Mail legal and personal censored for content Held and in some instances destroyed delaying medical attention denying private counselling and phyciatric Medication denying Transfer preventing interference with the Exhaustion of Grievances blocking the access to court to Legal Counsel other Government agencies to Family Bringing Emotional distress intentional infliction of emotional distress to cause serious Phycholological and Physical Pain All Named here and others acting in concert or participation with the Varner Varner Supermax.

(Doc. No. 30 at 152.)

Plaintiff explains that his claim in this case was about a campaign of harassment. (Doc. Nos. 121 at 3.) He points to Grievance VSM19-03236, which does allege a campaign of "harassment retaliation isolation in a calculated cover up to conceal . . . Eighth Amendment violations state tort laws and americans with disabilities act." (Doc. No. 30 at 152.) This grievance named Defendants Perkins and Higgins, among other individuals. (*Id*.) And this grievance was exhausted. (*Id*.) But the Court has dismissed Plaintiff conspiracy claims. (Doc. Nos. 14, 23.) Grievance VSM19-03236 does not exhaust Plaintiff's retaliation claims.

### 2. Grievance VSM19-03252

Grievance VSM19-03252 reads:

> Personal and Privileged correspondence legal documentary evidence notarized statements exhausted Grievances power of Attorneys case and letters gave to Patricia page SGT NOTARY and Brandon Carroll Major VSM never delivered by US Postal Service yet were delivered and entrusted to above and multiple other Officers VSM ADC All above 1983 case Against captain Chris Cornelius medical Mr. Wood, Ms. Bland mental health Giggleman, Killpatrick Compton and many personal letters to Family Friends Drawings all out Going Correspondence shut in and shut out VSM.

(Doc. No. 30 at 120). Plaintiff exhausted Grievance VSM19-03252. But again, this grievance does not deal with Plaintiff's retaliation claims pending in this case.

### 3. Grievance VSM19-3378

In Grievance VSM19-3378, Plaintiff alleged

Today Step one information resolution 12.17.2019 I've a 1983 case ready to file to K. Kennedy to make three copys and make ready send off US Postal Service. She K. Kennedy informed me copy machine broke for [] weeks also K. Kennedy informed me she has been out of grievances form for three weeks as I tried on 12/14/2019 to file in house mail not responding to any request Departments I have waited for over three weeks for biz – business office to return my certificate, calculation of initial payment. Case Director's Decisions . . . Case against mental health W. Giggleman FauPel, M. Rodella, Bland Estella, M. Wood, Marshal Dale Reed, James Gibson security Cornelius Christopher, Scott Taylor, Higgins, Perkins, Ryas, Smith, Jones, Harris and other persons . . . . Plus a 20 page complaint mental health and security Medical Department Heads Administration have attempted a call crime hot line denied phone for two weeks . . . I fear for my life from staf retaliation Preventing me from filing case to get protection and mental health care – case ready to file . . . .

(Doc. No. 30 at 141.)

While Grievance VSM19-3378 mentions Plaintiff fears retaliation from staff, Plaintiff does not specify which staff. Further, as Plaintiff fears retaliation, that is an anticipated event, not something he experienced. Anticipated events are non-grievable. (Doc. No. 112-1 at 2, ¶ 5.) Additionally, Plaintiff apparently did not proceed to Step Two or pursue an appeal on Grievance VSM19-3378. Accordingly, Plaintiff did not exhaust his administrative remedies in connection with Grievance VSM19-3378.

### 4. Grievance VSM20-00065

Grievance VSM20-00065 alleges a "[c]ampaign of retaliation harassment." (Doc. No. 30 at 216.) This grievance was exhausted. Grievance VSM20-00065, however, did not name Defendants Perkins, Higgins, or Ryas. (*See Id*.) Accordingly, Plaintiff did not exhaust any pending claim through Grievance VSM20-00065.

At summary judgment, Plaintiff must support his allegations with evidence creating a genuine issue of material fact. *Wilson v. Smith*, 821 F.3d 963, 970 (8th Cir. 2016) (allegations

must be substantiated with sufficient probative evidence); *Bolderson v. City of Wentzville, Missouri*, 840 F.3d 982, 986-87 (8th Cir. 2016) (noting plaintiff's duty to meet proof with proof in affirming summary judgment in defendant's favor). Here, Plaintiff has not come forward with proof creating a genuine issue of material fact that would preclude entry of summary judgment to the extent recommended above.

I realize Plaintiff may perceive my exhaustion findings as an unfairly technical "gotcha" mechanism to keep him out of court. To the contrary, the exhaustion requirement plays a critical role in the remedy process. The Eighth Circuit has explained this important role as follows:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review might filter out some frivolous claims. And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

*Johnson v. Jones,* 340 F.3d 624, 626-27 (8th Cir. 2003); *see also Woodford,* 548 U.S. at 88 ("Exhaustion gives an agency an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court, and it discourages disregard of [the agency's] procedures"). Accordingly, Defendants' Motion for Summary Judgment should be granted and Plaintiff's claims against them dismissed.

**IV.   CONCLUSION**

IT IS, THEREFORE, RECOMMENDED that:

1.   Defendants' Motion for Summary Judgment for failure to exhaust administrative remedies (Doc. No. 112) be GRANTED.

2. Plaintiff's claims against Defendants be DISMISSED without prejudice for failure to exhaust administrative remedies.

3. This case be DISMISSED.

4. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and accompanying Judgment would not be taken in good faith.

DATED this 6th day of May 2021.

_____
JOE J. VOLPE
UNITED STATES MAGISTRSTE JUDGE